1  Laurence D. King (SBN 206423)
2  Linda M. Fong (SBN 124232)
   KAPLAN FOX & KILSHEIMER LLP
3  350 Sansome Street, Suite 400
   San Francisco, CA 94104
4  Telephone: 415-772-4700
   Facsimile: 415-772-4707
5  Email: lking@kaplanfox.com
         lfong@kaplanfox.com

6

7  *Attorneys for Plaintiff Debra F. Charles*

8  [Additional counsel listed on signature block]

E-filing

9

10                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA

11 _____

12 DEBRA F. CHARLES, individually and on        )  Case No.:
   behalf of all others similarly situated,     )
13                                               )  CLASS ACTION
   Plaintiff,                                    )
14                                               )
                                                 )
15        vs.                                     )
                                                 )  **CLASS ACTION COMPLAINT FOR**
16 GRANT EVANS, JAMES E. OUSLEY,                 )  **VIOLATIONS OF THE FEDERAL**
   STEVEN HUMPHREYS, JAMES W.                    )  **SECURITIES LAW**
17 FRANKOLA, ROBERT J. BRANDEWIE,                )
   DAVID B. WRIGHT, BRAD BOSTON,                 )  **JURY TRIAL DEMANDED**
18 ACTIVIDENTITY CORP., ASSA ABLOY               )
   INC. AND FITACQUISITION, INC.,                )
19                                               )
   Defendants.                                   )
20                                               )
                                                 )
21                                               )
                                                 )
22                                               )
                                                 )
23 _____)

24

25                     **CLASS ACTION COMPLAINT**

26        Plaintiff, by her attorneys, alleges the following upon information and belief, except for

27 those allegations that pertain to plaintiff and her attorneys, which allegations are based on personal

28

                                               1
_____
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

knowledge.  Plaintiff's information and belief is based on, *inter alia*, the investigation conducted by her attorneys, including a review of the public filings of defendant ActivIdentity Corp. ("ActivIdentity" or the "Company"), press releases, news articles and publicly available information concerning ActivIdentity:

1.      Plaintiff brings this action individually and as a class action on behalf of the public shareholders of ActivIdentity in connection with the purchase of ActivIdentity by Assa Abloy Inc. ("Assa Abloy" or "Parent"), and FitAcquisition, Inc., a wholly-owned subsidiary of Parent ("Merger Sub")(collectively, "Assa Abloy") for $3.25 per share, pursuant to an Agreement and Plan of Merger by and among Merger Sub, and ActivIdentity dated as of October 11, 2010 (the "Merger Agreement").  Plaintiff alleges that the sale of ActivIdentity to Assa Abloy as contemplated by the Merger Agreement is unfair and inequitable to the ActivIdentity public stockholders and constitutes a breach of the fiduciary duties of the directors in the sale of ActivIdentity.

2.      Pursuant to the Merger Agreement, each share of ActivIdentity common stock will be exchanged for $3.25 in cash representing a total transaction value of approximately $162 million. Following completion of the exchange offer, Merger Sub will merge into ActivIdentity and the ActivIdentity shares not acquired in the exchange offer will convert into the right to receive the same consideration as paid in the exchange offer (the "Proposed Acquisition").  Assa Abloy has indicated its intent after the Merger to make the Company part of Assa Abloy's HID Global business.

3.      The Offer is subject to certain closing conditions, including approval of at least a majority of the outstanding shares of ActivIdentity common stock on a fully diluted basis.   The 2010 Special Meeting of Stockholders to consider and vote upon a proposal to adopt the Merger Agreement, among other matters, is scheduled for December 16, 2010.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

4. The Proposed Acquisition as currently constituted is unfair to ActivIdentity shareholders because it does not adequately value the Company's future growth prospects, which will inure to Assa Abloy if the Proposed Acquisition is consummated.

5. The recent historical averages for ActivIdentity's stock price demonstrate that consideration being offered by Assa Abloy is unfair and inadequate.

6. Indeed, the consideration to be paid to the class members is unconscionable, unfair and grossly inadequate because, among other things: (a) the intrinsic value of the stock of ActivIdentity is materially in excess of $3.25 per share, giving due consideration to the possibilities of growth and profitability of ActivIdentity in light of its business, earnings and earnings power, present and future; (b) the $3.25 per share price is inadequate and offers an inadequate premium to the public stockholders of ActivIdentity; and (c) the $3.25 per share price is not the result of arm's-length negotiations but was fixed arbitrarily to "cap" the market price of ActivIdentity, as part of a plan for Assa Abloy to obtain complete ownership of ActivIdentity assets and business at the lowest possible price. Defendants' action in proceeding with the Proposed Acquisition is wrongful, unfair, and harmful to ActivIdentity's public stockholders, and will deny them their right to share proportionately in the true value of ActivIdentity' future growth in profits and earnings.

7. Defendants have exacerbated their breaches of fiduciary duty by agreeing to lock up the Proposed Acquisition with deal protection devices that preclude other bidders from making a successful competing offer for the Company. Specifically, defendants agreed to: (i) a no-solicitation provision that prevents other buyers from having access to the Company's confidential information which information is necessary to formulate a bid, except under extremely limited circumstances; (ii) a matching rights provision that allows Assa Abloy prompt notice of a recommendation change to match any competing proposal in the event one is made; and (iii) a provision that requires the Company to pay Assa Abloy a termination fee of $5.0 million or an

3

1  amount in cash equal to $1.25 million, depending on the circumstances of the termination. These

2  provisions substantially limit the Board of Director's ability to act with respect to investigating and

3  pursuing superior proposals and alternatives including a sale of all or part of ActivIdentity.

4
5         8.     Finally, on November 12, 2010, ActivIdentity filed a Schedule 14A Definitive Proxy

6  Statement (the "Proxy") with the Securities and Exchange Commission ("SEC") in connection with

7  the Proposed Acquisition pursuant to which, *inter alia*, the ActivIdentity Board of Directors

8  recommended that ActivIdentity stockholders vote "FOR" the approval and adoption of the Merger

9  Agreement and in favor of the Proposed Acquisition at a scheduled shareholder vote on December

10  16, 2010. In connection with the Proxy, Defendants have breached their duty of candor by failing

11  to disclose material information to Proxy shareholders necessary for them to determine whether to

12  vote in favor of the Proposed Acquisition.

13
14         9.     The Company's Board has breached its fiduciary duties to ActivIdentity shareholders

15  by causing the Company to enter into the Merger Agreement that provides for the sale of

16  ActivIdentity at an unfair price, and deprives ActivIdentity' public shareholders of maximum value

17  to which they are entitled.

18         10.    Plaintiff and the class have suffered and will suffer irreparable injury unless

19  defendants are enjoined from breaching their fiduciary duties and from carrying out the aforesaid

20  plan and scheme. Plaintiff seeks to enjoin defendants from approving the Proposed Acquisition or,

21  in the event the Proposed Acquisition is consummated, recover damages resulting from defendants'

22
23  violations of their fiduciary duties of loyalty, good faith, and due care.

24  **JURISDICTION AND VENUE**

25         11.    The Court has jurisdiction over the subject matter of this action pursuant to section

26  27 of the Exchange Act, 15 U.S.C. §78aa (2008), and 28 U.S.C. §§1331 and 1337 (2008). This

27  Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(2)

28

4

1   since plaintiff and defendants are citizens of different states and the matter in controversy exceeds

2   the jurisdictional amount of $75,000, exclusive of interest and costs. This action is not a collusive

3   action designed to confer jurisdiction on a court of the United States that it would not otherwise

4   have.

5

6   12.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) (2008) because

7   ActivIdentity is headquartered in this District and a substantial portion of the transaction and

8   occurrences complained of herein, including the Defendants' primary participation in the wrongful

9   acts detailed herein, occurred in this District. In addition, one or more of the defendants either

10  resides in or maintains executive offices in this District.

11

## THE PARTIES

12

13  13.    Plaintiff has been a holder of ActivIdentity common stock since prior to the

14  transactions herein complained of and continues to hold ActivIdentity common stock as of this date.

15  Plaintiff is a resident of Washington, DC.

16  14.    Defendant ActivIdentity is a corporation duly organized and existing under the laws

17  of the State of Delaware with its principal offices located at 6623 Dumbarton Circle, Fremont,

18  California, 94555. ActivIdentity operates as a global company in authentication and credential

19  management, providing solutions to confidently establish a person's identity when interacting

20
    digitally. The company addresses three identity management market segments: Employer-to-
21
22  Employee, Business-to-Customer, and Government-to-Citizen. It markets and sells its products and

23  technologies through a worldwide direct sales force and through a network of partners, including

24  system integrators, original equipment manufacturers, value added distributors, and value added

25  resellers. The Company was founded in 1985.

26  15.    Defendant Grant Evans ("Evans") is Chairman of the Board and Chief Executive

27  Officer of ActivIdentity. Evans has served as Chairman of the Board of ActivIdentity since March

28

5

1   2008 and Chief Executive Officer of the Company since April 2008. Defendant Evans is a resident
2   of California.

3       16.     Defendant James E. Ousley ("Ousley") is a director of ActivIdentity. Ousley has
4   served as a director of the Company since September 1996. He has been an industry consultant
5
    since 2004. Defendant Ousely is a resident of California.
6

7       17.     Defendant Steven Humphreys ("Humphreys") is a director of ActivIdentity. He has
8   served as CEO of Kleer Semiconductor since February 2009. Since July 1996, Humphreys has
9   served as a director of Identive Group (formerly SCM Microsystems), and was Chairman of the
10  board of directors of SCM from April 2000 to March 2007. Since April 2008, he has served as a
11  director of HeadThere, Inc., since March 2009 as a director of Organ-I, Inc., and since October
12  2003, as chairman of Robotic Innovations International, Inc., an acquirer and developer of
13
    technologies for broad based applications of robotics, service automation and automated control
14
15  systems. Defendant Humphreys is a resident of California.

16      18.     Defendant James W. Frankola ("Frankola") has served as a director of ActivIdentity
17  since February 2006. Defendant Frankola has served as Executive Vice President of Ariba, Inc., a
18  provider of on-demand spend management solutions, since December 2001 and as Chief Financial
19  Officer of Ariba from December 2001 through August 2008. Defendant Frankola is a resident of
20  California.
21

22      19.     Defendant Robert J. Brandewie ("Brandewie") has served as a director of
23  ActivIdentity since March 2008. Defendant Brandewie has served since November 2007 as the
24  Senior Vice President, Identity and Security Solutions of Telos Corporation, an information
25  technology solutions and services company. Defendant Brandewie is a resident of California.

26      20.     Defendant David B. Wright ("Wright") has served as a director of ActivIdentity
27  since March 2008. Wright has served since August 2006 as the Chief Executive Officer and
28

6

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

1  Chairman of the Board for Verari Systems, Inc., a provider of high performance computing systems
2  to the financial services, service providers, entertainment media, oil and gas, government and EDA
3  industries. Defendant Wright also serves on the board of directors of SourceForge, Inc., a
4  corporation that owns and operates a network of media web sites, serving the IT management and
5  IT professional, software development and open source communities and other consumers.
6  Defendant Wright is a resident of California.
7

8      21.     Defendant Brad Boston ("Boston") has served as a director of ActivIdentity since
9  January 2010. Defendant Boston currently serves as senior vice president of Cisco Systems' Global
10  Government Solutions Group and Corporate Security Programs. Defendant Boston is a resident of
11  California.
12
13     22.     The individual defendants in ¶¶15–21 constitute the Board of ActivIdentity (the
14  "Individual Defendants") and, by reason of their corporate directorships and executive positions,
15  stand in a fiduciary position relative to the Company's public shareholders. Their fiduciary duties,
16  at all times relevant herein, required them to exercise their best judgment, and to act in a prudent
17  manner, and in the best interest of the Company's minority shareholders. Said defendants owe the
18  public shareholders of ActivIdentity the highest duty of good faith, fair dealing, due care, loyalty,
19  and full, candid and adequate disclosure.
20
21     23.     Defendant Assa Abloy is an Oregon corporation. Assa Abloy manufactures and sells
22  locks, cylinders, electromechanical products, security doors and fittings. The primary product areas
23  are the traditional segments of mechanical locks and security doors, as well as the fast-growing
24  segments of electromechanical and electronic locks, access control, identification technology and
25  automatic doors.
26     24.     Defendant Merger Sub is a Delaware Corporation and a wholly owned subsidiary of
27  Assa Abloy formed for the purpose of acquiring ActivIdentity.
28

7

25. Defendants Assa Abloy and Merger Sub are named herein as aiders and abettors to the Individual Defendants' breaches of fiduciary duty.

26. ActivIdentity, the Individual Defendants and Assa Abloy are collectively referred to herein as "Defendants."

27. Each Defendant herein is sued individually or as a conspirator or aider and abettor, as well as in his capacity as an officer and/or director of the Company, and the liability of each arises from the fact that he or she has engaged in all or part of the unlawful acts, plans, schemes, or transactions complained of herein.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on her own behalf and as a class action, on behalf of all shareholders of defendant ActivIdentity (except Defendants herein and any person, firm, trust, corporation or other entity related to or affiliated with any of the Defendants) or their successors in interest, who have been or will be adversely affected by the conduct of Defendants alleged herein.

29. This action is properly maintainable as a class action.

30. The class of shareholders for whose benefit this action is brought is so numerous that joinder of all class members is impracticable. There are approximately 47 million shares of common stock outstanding owned by thousands of shareholders of record scattered throughout the United States.

31. There are questions of law and fact which are common to members of the Class. The common questions include, *inter alia*, the following:

> a. whether the ActivIdentity directors have breached their fiduciary duties to Plaintiff and the Class in connection with the Merger Agreement and related transactions; and

8

b. whether Plaintiff and the other members of the Class will be damaged irreparably by Defendants' failure to take action designed to obtain the best value for the public stockholders' interest in ActivIdentity.

32. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. The claims of Plaintiff are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff will fairly and adequately represent the Class.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class and establish incompatible standards of conduct for the party opposing the Class.

34. Defendants have acted and are about to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

35. On October 11, 2010, ActivIdentity and Assa Abloy jointly issued a press release entitled, "ActivIdentity to Be Acquired by ASSA ABLOY, Parent Company of HID Global", and with the subtitle, "ActivIdentity to Join the HID Global Business Unit, Advancing the Convergence of Logical and Physical Access Systems. " The release stated in part:

> FREMONT, CA--(Marketwire - 10/11/10) - ActivIdentity Corporation, (NASDAQ:ACTI - News), a global leader in intelligent identity assurance, today announced that the company has entered into a definitive agreement to be acquired by ASSA ABLOY AB, the parent company of HID Global, in a cash transaction at a price of $3.25 per share, or approximately $162 million. This per share price represents a premium of approximately 43% over the closing price of ActivIdentity shares on Friday, October 8, 2010 and a premium of 48% over the 20-day average of closing prices. ActivIdentity will become part of ASSA ABLOY's HID Global business and ActivIdentity products will provide the foundation for HID Global's logical access offering.

The acquisition, which is subject to ActivIdentity shareholder approval, applicable regulatory clearances and other customary closing conditions, is expected to close in December 2010.

Commercial and government organizations are faced with ever-changing threats to their information and physical assets and, at the same time, they must deal with a broad range of compliance requirements. Optimizing security while simplifying the user experience and minimizing costs is an enormous challenge that can best be solved by joining logical and physical access capabilities into a single, integrated solution. The combination of ActivIdentity's suite of identity assurance solutions with HID's physical and logical access solutions, provides a powerful offering to the market.

"Organizations and their users are burdened with the expense and complexity of redundant identity assurance technologies," said Grant Evans, chairman and CEO of ActivIdentity. "Now for the first time, customers will be able to benefit from the convergence of physical and logical access control solutions."

"Through the combined power of HID Global and ActivIdentity, we have a compelling opportunity to finally address the use of a single credential for access to physical and logical domains," said Denis Hebert, president and CEO of HID Global. "ActivIdentity is a strong complement to our identity and access management solutions, enabling us to add a new dimension in our ability to deliver value to our customers."

Foros Securities LLC acted as exclusive financial adviser to ActivIdentity. Wilson Sonsini Goodrich & Rosati, P.C. acted as counsel to ActivIdentity.

36. Pursuant to the Merger Agreement, each share of Company common stock accepted by Merger Sub will be exchanged for $3.25 in cash.

37. A shareholder vote has been scheduled for December 16, 2010. The Proposed Acquisition is subject to the approval of at least a majority of the shares of ActivIdentity common stock.

38. Foros Securities LLC is acting as financial advisor to ActivIdentity.

39. The Proposed Acquisition serves no legitimate business purpose of ActivIdentity but rather is an attempt by defendants to enable Assa Abloy to benefit unfairly from the transaction at the expense of ActivIdentity's public shareholders. The Proposed Acquisition will, for a grossly inadequate consideration, deny plaintiff and the other members of the class their right to share

10

proportionately in the future success of ActivIdentity and its valuable assets, while permitting Assa Abloy to reap huge benefits from the transaction.

40.     The consideration to be paid to the class members is unconscionable, unfair and grossly inadequate because, among other things: (a) the intrinsic value of the stock of ActivIdentity is materially in excess of $3.25 per share, giving due consideration to the possibilities of growth and profitability of ActivIdentity in light of its business, earnings and earnings power, present and future; (b) the $3.25 per share price is inadequate and offers an inadequate premium to the public stockholders of ActivIdentity; and (c) the $3.25 per share price is not the result of arm's-length negotiations but was fixed arbitrarily to "cap" the market price of ActivIdentity, as part of a plan for Assa Abloy to obtain complete ownership of ActivIdentity assets and business at the lowest possible price.

41.     In addition to agreeing to a sale of the Company at an unfair price, the Individual Defendants agreed to onerous deal protection devices in breach of their fiduciary duties to ActivIdentity shareholders, which prevent a superior offer from being made for the Company. Specifically, defendants agreed to: (i) a no-solicitation provision that prevents other buyers from having access to the Company's confidential information which information is necessary to formulate a bid, except under extremely limited circumstances; (ii) a matching rights provision that allows Assa Abloy prompt notice of a recommendation change to match any competing proposal in the event one is made; and (iii) a provision that requires the Company to pay Assa Abloy a termination fee of $5.0 million or an amount in cash equal to $1.25 million, depending on the circumstances of the termination. These provisions substantially limit the Board of Director's ability to act with respect to investigating and pursuing superior proposals and alternatives including a sale of all or part of ActivIdentity.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

1

42. The terms of the Merger Agreement are structured to ensure that Assa Abloy, and

2

only Assa Abloy, ultimately acquires ActivIdentity, regardless of whether such terms are designed

3

and/or serve to maximize shareholder value.

4

43. The Termination Fee and expense obligation are deterrents to other potential bidders

5

6

and provides defendants with an unearned windfall at the expense of the Company's public

7

shareholders if a superior bid emerges.

8

44. Accordingly, the terms of the Merger Agreement substantially limit the Board's

9

ability to act with respect to investigating and pursuing superior proposals and alternatives including

10

a sale of all or part of ActivIdentity.

11

12

## The Proxy is Materially Misleading and/or Incomplete

13

45. On November 12, 2010, ActivIdentity filed the Proxy in connection with the

14

Proposed Acquisition and seeking, *inter alia*, the approval of ActivIdentity shareholders of the

15

16

Merger Agreement and the transactions contemplated thereby.

17

46. The Proxy fails to provide the Company's shareholders with material information

18

and/or provides them with materially misleading information thereby rendering the shareholders

19

unable to make an informed decision on whether to vote in favor of the Proposed Acquisition.

20

47. For example, the Proxy fails to disclose certain of the underlying methodologies,

21

projections, key inputs and multiples relied upon and observed by Foros Securities LLC ("Foros"),

22

23

the Company's financial advisor, so that shareholders can properly assess the credibility of the

24

various analyses performed by them and relied upon by the Board in recommending the Proposed

25

Acquisition.

26

48. In addition, the Proxy fails to disclose the underlying methodologies, key inputs and

27

multiples relied upon and observed by Foros so that shareholders can properly assess the credibility

28

12

1    of the various analyses performed by them. In particular, the Proxy is deficient and should provide,

2    *inter alia*, the following:

         A. In the *Selected Companies Analysis*, (i) the criteria for the selected two companies; (ii) the basis for the annual percentage growth rate of estimated total revenue from calendar year 2009 to calendar year 2010 and from calendar year 2010 to calendar year 2011; (iii) the basis for the annual percentage growth rate of estimated earnings before interest, tax, depreciation and amortization ("EBITDA"), from calendar year 2010 to calendar year 2011; and (iv) the basis for the estimated EBITDA margin for calendar year 2010 and calendar year 2011.

         B. In the *Discounted Cash Flow Analysis,* (i) the definition of unlevered cash flows for the fiscal years 2011 – 2014; and (ii) the basis for calculating a normalized free cash flow figure after 2014 and then applying perpetuity growth rates ranging from 1.0% to 3.0%.

         C. In the *Selected Precedent Transactions Analysis,* (i) the criteria for the selected companies; and (ii) the multiples observed for each transaction.

         D. In the *Premia Paid Analysis,* (i) the reasons for the data points selected; (ii) how many transactions were included in this analysis; (iii) a description of all of the transactions; and (iv) the respective premiums in each transaction.

49.    In addition, the Proxy fails to disclose any prior or present relationships between defendants and Foros, if any. Additionally, the Proxy fails to disclose the contingent portion of the $2.15 million fee payable in connection with Foros's analysis.

50.    By virtue of their positions as directors and senior officers of the Company, the Individual Defendants have access to and knowledge of ActivIdentity's internal financial information which reveals the true financial and operating condition and prospects of the Company, and have shared such information with Assa Abloy. Defendants are using this information to benefit themselves at the expense and to the detriment of ActivIdentity and the public shareholders.

---

13

51.     Moreover, the Individual Defendants are motivated by their desire to secure personal benefits as a result of the Proposed Acquisition. Certain directors and/or officers stand to reap tens, if not hundreds, of millions of dollars of personal benefits at the expense of the Company and its public shareholders if the Merger is consummated, including the right to receive change-in-control benefits (such as the acceleration of their stock options), thus putting their own personal financial interests irreconcilably in conflict with the interests of the Company and its public shareholders.

52.     The ActivIdentity Board thus acceded to Assa Abloy's desire to structure a sale of the Company that unfairly benefits Assa Abloy at the expense of the public stockholders.

53.     The Individual Defendants' actions in proceeding with the Proposed Acquisition are wrongful, unfair, and harmful to ActivIdentity's public stockholders, and will deny them their right to share proportionately in the true value of ActivIdentity's valuable assets, profitable business, and future growth in profits and earnings. The Individual Defendants have breached their fiduciary duties to ActivIdentity shareholders and failed to maximize shareholder value by causing the Company to enter into the Merger Agreement that provides for the sale of ActivIdentity at an inadequate price, and deprives ActivIdentity's public shareholders of maximum value to which they are entitled.

54.     Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

### Class Claim Against the Defendants for Violation of §14(a) of the Securities Exchange Act of 1934

55.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

56.     This claim is brought by Plaintiff against the Defendants for violations of §14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. (2008), and SEC Rule 14a-9 promulgated thereunder.

14

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

57.     The Defendants named in this claim disseminated the false and misleading Proxy which they knew or should have known was misleading in that it contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

58.     The Proxy was prepared and disseminated by Defendants named in this claim. It misrepresented and/or concealed certain material information concerning the nature of the process involved in the Proposed Transaction and the true value of the Company. In so doing, they made untrue statements of material facts and omitted to state material facts necessary to make the statements that were made not misleading in violation of §14(a) of the 1934 Act and SEC Rule 14a-9 promulgated thereunder.

59.     The Defendants named in this claim issued the Proxy, which was materially false and misleading. The Defendants were aware of and/or had access to the true facts concerning the process involved in selling the Company and the true value of the Company. However, notwithstanding this knowledge, each of the Defendants purported to and/or approved the dissemination of the false Proxy.

60.     Defendants permitted the Company to be sold in an effort to aggrandize their own financial position and interests at the expense of ActivIdentity shareholders. By relying on the false and misleading statements in the Proxy, the shareholders who are unaware of untruths, and relied thereon, were directly and proximately harmed by the Defendants' wrongful conduct. By reason of such misconduct, the Defendants are liable pursuant to §14(a) of the 1934 Act and SEC Rule 14a-9 promulgated thereunder.

## SECOND CAUSE OF ACTION

### Claim for Breach of Fiduciary Duties

61.     Plaintiff repeats and realleges each allegation set forth herein.

62.     The Individual Defendants have violated their fiduciary duties of care, good faith, and loyalty owed under applicable law to the public shareholders of ActivIdentity and have placed the interests of insiders ahead of the interests of ActivIdentity's shareholders.

63.     As demonstrated by the allegations above, the Individual Defendants failed to exercise the care required, and breached their duties of loyalty, good faith, care and candor owed to the shareholders of ActivIdentity because, among other reasons:

        a.     they failed to properly value ActivIdentity;

        b.     they failed to take steps to maximize the value of ActivIdentity to its public shareholders and they took steps to avoid competitive bidding, and to give Assa Abloy an unfair advantage, by, among other things, failing to adequately solicit other potential acquirers or alternative transactions;

        c.     they failed to properly value ActivIdentity and its various assets and operations;

        d.     they ignored or did not protect against the numerous conflicts of interest resulting from the directors' own interests in connection with the Proposed Acquisition; and

        e.     they erected unreasonable barriers to other third-party bidders.

64.     By the acts, transactions and courses of conduct alleged herein, the Individual Defendants, individually and as part of a common plan and scheme and in breach of their fiduciary duties of loyalty, good faith and due care to Plaintiff and the other members of the Class, have failed to adequately inform themselves about the true value of the Company and, by agreeing to the Proposed Acquisition with Assa Abloy, will unfairly deprive Plaintiff and other members of the Class of the true value of their investment in ActivIdentity.

65.     ActivIdentity shareholders will, if the Proposed Acquisition is consummated, be deprived of the opportunity for substantial gains which the Company may realize.

16

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

1    66.    By reason of the foregoing acts, practices and course of conduct, the Individual

2    Defendants have failed to exercise care and diligence in the exercise of their fiduciary obligations

3    toward Plaintiff and the other ActivIdentity public stockholders.

4    67.    As a result of the actions of Defendants, Plaintiff and the other members of the Class

5
6    have been and will be damaged in that they have not and will not receive their fair proportion of the

7    value of ActivIdentity's assets and businesses and will be prevented from obtaining appropriate

8    consideration for their shares of ActivIdentity common stock.

9    68.    Unless enjoined by this Court, the Defendants will continue to breach their fiduciary

10   duties owed to Plaintiff and the other members of the Class, and may consummate the Proposed

11   Acquisition which will exclude the Class from its fair proportionate share of ActivIdentity's

12   valuable assets and businesses, all to the irreparable harm of the Class, as aforesaid.

13
14   69.    Plaintiff and the Class have no adequate remedy at law. Only through the exercise of

15   this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and

16   irreparable injury which Defendants' actions threaten to inflict.

17                           **THIRD CAUSE OF ACTION**

18                   **On Behalf of Plaintiff and the Class Against**
19                   **Assa Abloy for Aiding and Abetting the**
                     **Individual Defendants' Breaches of Fiduciary Duty**
20
21   70.    Plaintiff incorporates by reference and realleges each and every allegation contained

22   above, as though fully set forth herein.

23   71.    Assa Abloy has knowingly aided and abetted the Individual Defendants' wrongdoing

24   alleged herein. Assa Abloy is an active and necessary participant in the Individual Defendants' plan

25   to complete the Proposed Acquisition terms that are unfair to ActivIdentity shareholders, as Assa

26   Abloy seeks to pay as little as possible to ActivIdentity shareholders.

27   72.    Plaintiff has no adequate remedy at law.

28

                                        17

1

## PRAYER FOR RELIEF

2      **WHEREFORE,** Plaintiff demands injunctive relief in her favor and in favor of the Class

3   and against Defendants as follows:

4          A.      Declaring that this action is properly maintainable as a Class action;

5
       B.      Declaring and decreeing that the Merger Agreement was entered into in
6
7   breach of the fiduciary duties of Defendants and is therefore unlawful and unenforceable;

8          C.      Enjoining Defendants, their agents, counsel, employees and all persons acting

9   in concert with them from consummating the Proposed Acquisition, unless and until the Company

10  adopts and implements a procedure or process to obtain a merger agreement providing the best

11  possible terms for shareholders;

12
       D.      Directing the Individual Defendants to exercise their fiduciary duties to
13
14  obtain a transaction which is in the best interests of ActivIdentity's shareholders until the process

15  for the sale or auction of the Company is completed and the best possible consideration is obtained

16  for ActivIdentity;

17         E.      Awarding Plaintiff the costs and disbursements of this action, including

18  reasonable attorneys' and experts' fees; and

19         F.      Granting such other and further relief as this Court may deem just and proper.

20         G.      Plaintiff demands a trial by jury.

21
22  DATED: November 23, 2010              Respectfully submitted,

23                                        KAPLAN FOX & KILSHEIMER LLP

24
                                     By: _____
25                                        Laurence D. King (SBN 206423)

26

27

28

                                            18
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____

1    Linda M. Fong (SBN 124232)
     350 Sansome Street, Suite 400
2    San Francisco, CA 94104
     Telephone: 415-772-4700
3    Facsimile: 415-772-4707
     lking@kaplanfox.com
4    lfong@kaplanfox.com

5    Joshua M. Lifshitz
     Peter D. Bull
6    BULL & LIFSHITZ, LLP
     18 East 41st Street
7    New York, NY 10017
     Telephone: (212) 213-6222
8    Facsimile: (212) 213-9405
     counsel@nyclasslaw.com
9

10              *Attorneys for Plaintiff Debra F. Charles*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              19

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, Case No. _____